IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
GEORGIA McCRAY,                   *
                                  *
     Plaintiff,                   *
                                  *
     v.                           *        CV 112-094
                                  *
                                  *
PHH MORTGAGE SERVICES CORP.,      *
                                  *
                                  *
     Defendant.                   *
```

O R D E R

Presently pending before the Court is Defendant's motion to dismiss (doc. no. 5), Plaintiff's motion to dismiss without prejudice (doc. no. 15), and Defendant's brief in opposition to Plaintiff's motion to dismiss without prejudice (doc. no. 16).

This case was originally filed in the Superior Court of Richmond County and subsequently removed to this Court on July 6, 2012. As detailed in the Court's September 6, 2012 Order (doc. no. 14), Plaintiff's attorney has failed to gain admission to the bar of this Court and to respond to Defendant's motion to dismiss in violation of Local Rules and Orders of this Court. The Court's September 6, 2012 Order gave Plaintiff's attorney additional time to file his pro hac vice form and respond to Defendant's motion to dismiss and warned that the case would be dismissed if the

requisite filings were not made.  Plaintiff's attorney, however, was unable to gain admission to the bar or respond to the motion to dismiss within the allotted time.

Plaintiff now moves to dismiss the action *without prejudice* under Federal Rule 41 and without an award to Defendant of its fees and costs.  Plaintiff maintains that it would be inequitable to rule otherwise given that Plaintiff did not originally file the action in this Court.  Defendant, however, argues that the case should be dismissed *with prejudice* since its motion to dismiss is unopposed under Local Rule 7.5 and because the Court has discretion to do so under Local Rule 41.1.

"A district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule."  Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (citing Fed. R. Civ. P. 41(b)) (noting that a court's power to dismiss is also an "inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits").  Local Rule 41.1 also provides that the Court "may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice … [for] [w]illful disobedience or neglect of any order of the Court; or … failure to prosecute a civil action with reasonable promptness."

The Eleventh Circuit has "articulated with crystalline clarity the outer boundary of the district court's discretion in these matters." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005). A two-prong test applies:

> [A] dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable.

Id. at 1337-38 (emphasis in original) (internal quotations and citations omitted); see also Goforth, 766 F.3d at 1535 ("This Court is aware that a dismissal imposes a severe penalty on a client for the misconduct of an attorney. A court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable.").

In this case, neither prong is satisfied. First, Plaintiff has not engaged in a clear pattern of delay or willful contempt, despite the failure of Plaintiff's counsel to timely gain admission to the bar of this Court. See Cohen v. Carnival Cruise Lines, Inc., 782 F.2d 923, 925 (11th Cir. 1986) (finding no clear record of delay or willful contempt despite plaintiff's failure to timely retain local counsel which caused three month delay); Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241,

3

248 (5th Cir. 1980) (finding that "failure of plaintiff's counsel to obtain admission to the bar of court and to appear at the pre-trial conference did not amount to a 'clear record of delay or contumacious conduct'"). Second, dismissal *without prejudice*, a lesser sanction, will suffice in this case.[1] A dismissal *with prejudice* is too severe a penalty here because the neglect in prosecuting the action is attributable only to Plaintiff's counsel.

Based on the foregoing, Plaintiff's motion to dismiss without prejudice (doc. no. 15) is **GRANTED**. Plaintiff's claims against Defendant are **DISMISSED WITHOUT PREJUDICE**. Each party shall bear its own costs and attorneys' fees. The Clerk shall **TERMINATE** all deadlines and motions, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of November 2012.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Defendant argues that a mere dismissal *without prejudice* would award Plaintiff's neglect and disobedience. The Court disagrees. If Plaintiff decides to refile this action, Plaintiff will have to pay additional filing fees. Moreover, the Court's orders have implicitly reprimanded Plaintiff's counsel for his untimeliness. These penalties suffice. For these same reasons, the Court finds it unnecessary to award Defendant its costs or attorney's fees.